IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| MARK O'BRIANT AND GINA O'BRIANT, <br> *Plaintiffs,* <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF INDIANA, CHRISTOPHER OETTING, JOSEPH REKART, AND MARIA CORDERO <br> *Defendants.* | § § § § § § § § § § | CIVIL ACTION NO._____ |

---

**DEFENDANTS SAFECO INSURANCE COMPANY OF INDIANA, CHRISTOPHER OETTING AND JOSEPH REKART'S NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Safeco Insurance Company of Indiana ("Safeco"), Christopher Oetting (Oetting) and Joseph Rekart ("Rekart") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

I.
**INTRODUCTION**

1. Plaintiffs Mark O'Briant and Gina O'Briant ("Plaintiffs') commenced this lawsuit on August 31, 2017, by filing Plaintiffs' Original Petition ("Petition") in the 14th District Court of Dallas County, Texas.

2. Plaintiffs' Petition names Safeco Insurance Company of Indiana ("Safeco") Christopher Oetting (Oetting), Joseph Rekart ("Rekart") and Maria Cordero (Cordero) as Defendants. Oetting, Rekart and Cordero were adjusters assigned to Plaintiffs' insurance claim

DEFENDANTS NOTICE OF REMOVAL
1

made the basis of this lawsuit.

3. Plaintiffs' Petition includes the following causes of action against both Safeco and Oetting and Rekart:

- Violations of the DTPA;
- Unfair Settlement Practices under §541.060(a) of the Texas Insurance Code;
- Prompt Payment of Claims violations under Chapter 542 of the Texas Insurance Code; and
- Breach of the common law duty of good faith and fair dealing [1]

4. Cordero has not been served with Plaintiffs' Petition. Safeco was served with Plaintiffs Petition on September 8, 2017. Rekart was served with Plaintiffs Petition on September 12, 2017. Oetting was served with Plaintiffs Petition.

5. Safeco, Rekart and Oetting files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

6. Oetting, Rekart and Cordero need not consent to removal as Safeco contends that Oetting, Rekart and Cordero were improperly joined. However, to the extent necessary, Oetting, Rekart consents to this Notice of Removal as the undersigned attorneys represent both Safeco, Oetting, Rekart.

## II.
## BASIS FOR REMOVAL

7. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Safeco.**

9. Plaintiffs are citizens of Texas for purposes of diversity of citizenship.

---

DEFENDANTS NOTICE OF REMOVAL

2

1 *See Plaintiff's Petition p.1*).

10. Safeco is an insurance carrier organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. Safeco is a citizen of Massachusetts for diversity jurisdiction purposes.

11. Rekart is a resident of the State of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Oetting and Cordero are not residents of the State of Texas and have been improperly joined to defendant this Court's diversity jurisdiction. Plaintiffs do not have a reasonable possibility of recovery from Rekart, Oetting and Cordero in this lawsuit. Rekart, Oetting and Cordero's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiffs and Safeco (now and on the date Plaintiffs filed this lawsuit).

(i) *Plaintiffs improperly joined Oetting, Rekart and Cordero to defeat this Court's diversity jurisdiction.*

12. Defendant such as Oetting, Rekart and Cordero are improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiffs are unable to establish a cause of action against the non-diverse defendants.[2] This second condition is met when there is no reasonable possibility that the plaintiffs might recover against the improperly-joined in-state defendants.[3] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendants *could* exist.[4]

13. Per the Fifth Circuit, the improper joinder analysis requires an examination of Plaintiffs Petition under the Federal pleading standard.[5] This requires Plaintiffs to plead

---

2 *Smallwood. v Ill. Cent. RR Co.*, 385 F.3d 568,573 (5th Cir. 2004) (en banc).

3 *See id.*

4 *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

5 *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*, 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas*, 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the

enough facts to state a claim to relief that is plausible on its face."[6] Stated differently, Plaintiffs Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]

14. As set forth below, Plaintiffs Petition fails to demonstrate a reasonable possibility of recovery against Rekart, Oetting and Cordero in this lawsuit. Each cause of action asserted against Rekart, Oetting and Cordero only details a speculative and hypothetical right to recovery.

### (ii) *Plaintiffs have no reasonable possibility of recovery against Oetting, Rekart and Cordero for violations of Chapter 541 of the Texas Insurance Code.*

15. Plaintiffs Petition alleges that Rekart, Oetting and Cordero committed the following violations of Section 541.060(a) of the Texas Insurance Code:

- Section 541.060(a)(1) - misrepresenting a material fact or policy provision related to coverage;

- Section 541.060(a)(2)(A) - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3) - failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;

- Section 541.060(a)(4) - failing to affirm or deny coverage in a reasonable time; and

- Section 541.060(a)(7) - refusing to pay a claim without conducting a reasonable investigation.[8]

---

federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

6 *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

7 *Twombly*, 550 U.S. at 555.

8 *See* Plaintiff's Original Petition at pp. 7.

DEFENDANTS NOTICE OF REMOVAL
4

16. However, the courts of this District have found each of these *exact* allegations insufficient to support an independent cause of action against adjusters like Oetting, Rekart and Cordero.[9] Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[10] "But for an adjuster to be held individually liable, [he/she] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage.[11] In other words, an adjuster cannot be held individually liable for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiffs that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[12] Absent actual damages, other than the unpaid policy benefits, there is no cause of action against an adjuster under Chapter 541 of the Texas Insurance Code.[13]

17. Here, Plaintiffs Petition includes a group of alleged statutory violations under Chapter 541 of the Texas Insurance Code against Oetting, Rekart and Cordero, but the Petition fails to explain how Oetting, Rekart and Cordero's alleged conduct gave rise to any injury distinct from unpaid Safeco policy benefits. Instead, the crux of Plaintiffs factual allegations against Oetting, Rekart and Cordero relate directly to unpaid policy benefits. Plaintiffs factual allegations against Oetting, Rekart and Cordero repeatedly highlight the

---

[9] *See, e.g., Together 6 LLC v. Burlington Ins. Co.*, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, T.) (holding that the plaintiff failed to state viable claims against an adjuster under §§541.060(a)(1),(a)(2)(A), (a)(3),(a)(4), and (a)(7) of the Texas Insurance Code.

[10] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[11] *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[12] *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov. 12, 2014) (Lindsay, S.) ("the Texas Supreme Court left no doubt that an independent injury was required to recover under the Texas Insurance Code.").

[13] *See, e.g., Messersmith*, 2014 WL 3406686 (finding no reasonable possibility of recovery against an adjuster for, in part, lack of independent injury).

---

[14] *See, e.g.*, Plaintiffs Original Petition at p. 4.

"improper denial" of policy benefits, largely through a coverage letter issued by Cordero that set forth Safeco's coverage determination.[14] Plaintiffs have not pied any facts demonstrating an additional and independent injury, meaning Plaintiffs do not have a reasonable possibility of recovery against Jones under Chapter 541 of the Texas Insurance Code.

### *(iii) Plaintiffs Petition also bears a "badge of improper joinder" recognized by this Court.*

18. Not only have Plaintiffs failed to demonstrate a reasonable possibility of recovery from Oetting, Rekart and Cordero, but Plaintiffs Petition also bears a "badge of improper joinder" recognized by some Court.[15] In particular, Plaintiffs have no "plausible reason for suing [Oetting, Rekart and Cordero] other than to defeat diversity jurisdiction."[16] There is no credible reason why a favorable judgment on Plaintiffs claims against Safeco (if warranted) would fail to afford Plaintiffs full and complete relief. Nor is there any "suggestion that a recovery by Plaintiffs against Oetting, Rekart and Cordero would provide any financial gain to Plaintiffs."[17] Because the core of Plaintiffs Petition is that Safeco failed to pay what Plaintiffs feels it is owed under the Safeco's policy, it is clear that Plaintiffs claims against Oetting, Rekart and Cordero are intended solely to deprive this Court of jurisdiction.

---

[15] *See Plascencia v. State Farm Lloyds*, Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.); *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.).

[16] *See Plascencia* at 15-18.

[17] *Id.* at 16 (quoting *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

B. **Removal is Proper Because Plaintiffs Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

19. If it is facially apparent that Plaintiffs claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Safeco's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[18]

20. Here, Plaintiffs Petition states that Plaintiffs seek to recover over $200,000.[19]

    It is thus facially apparent that Plaintiffs claims exceed this Court's jurisdictional threshold of $75,000.

### III.
### CONCLUSION

21. Plaintiffs have failed to demonstrate any reasonable possibility of recovering on the claims asserted against Oetting, Rekart and Cordero. Accordingly, Oetting, Rekart and Cordero's citizenship should be disregarded for purposes of determining diversity. Because diversity of citizenship exists between Plaintiffs and Safeco, and the amount in controversy in this lawsuit exceeds $75,000, removal is proper.

22. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

23. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a. an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

---

[18] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[19] Plaintiffs Original Petition at p. 2.

DEFENDANTS NOTICE OF REMOVAL
7

      b.    a copy of the docket sheet in the state court action;

      c.    each document filed in the state court action, except discovery material (if filed on paper, each document must be individually tabbed and arranged in chronological order according to the state court file date; if filed by electronic means, each document must be filed as a separate attachment); and

      d.    a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

24. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be promptly given to all adverse parties.

    WHEREFORE, Defendants Safeco Insurance Company of Indiana and Oetting, Rekart and Cordero's requests that this action be removed from the 14th District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.

By: _____
David L. Chumbley
State Bar No. 24032069

400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone: (972) 516-8808
Telecopy: (972) 516-8819
E-mail: davidchumbleypc@gmail.com
**ATTORNEY FOR DEFENDANTS SAFECO INSURANCE COMPANY OF INDIANA, CHRISTOPHER OETTING AND JOSEPH REKART**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2017, a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

Andrew Woellner
The Potts Law Firm, LLP
3737 Buffalo Speedway, Suite 14900
Houston, Texas 77098

_____
David L. Chumbley