EXHIBIT "C"

Case 3:17-cv-02764-G Document 1-3 Filed 10/09/17 Page 2 of 16 PageID 19

FILED
DALLAS COUNTY
8/31/2017 4:53 PM
FELICIA PITRE
DISTRICT CLERK
Nikiya Harris

4 CIT/ CERT. MAIL

Cause No. DC-17-11336

| | | |
|---|---|---|
| MARK O'BRIANT AND GINA O'BRIANT | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| v. | § § § | DALLAS COUNTY, TEXAS |
| SAFECO INSURANCE COMPANY OF INDIANA, CHRISTOPHER OETTING, JOSEPH REKART, AND MARIA CORDERO. | § § § § § | _____ JUDICIAL DISTRICT |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mark O'Briant and Gina O'Briant, (hereinafter referred to as "Plaintiffs"), and file this Original Petition against Defendants, Safeco Insurance Company of Indiana ("Safeco"), Christopher Oetting ("Oetting"), Joseph Rekart ("Rekart"), and Maria Cordero ("Cordero") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1. Plaintiffs, Mark O'Briant and Gina O'Briant, are individuals residing in and/or owning property in Dallas County.

2. Defendant, Safeco Vehicle and Property Insurance Company, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 East 7th St, Suite 620, Austin, Texas 78701, via certified mail, return receipt requested.

1

3. Defendant, Christopher Oetting, is an individual residing in and domiciled in the State of Missouri. This defendant may be served via certified mail, return receipt requested at 11112 NW 55th Street Kansas City, Missouri 64152-3303.

4. Defendant, Joseph Rekart, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at 4507 Kelton Drive Dallas, Texas 75209-3819.

5. Defendant, Maria Cordero, is an individual residing in and domiciled in the State of Nevada. This defendant may be served via certified mail, return receipt requested at 547 Chelsea Dr. Henderson, Nevada 89014-3908.

## DISCOVERY LEVEL

6. Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

7. The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiffs are seeking monetary relief of over $200,000 but under $1,000,000. Plaintiffs reserve the right to amend this petition during and/or after the discovery process.

8. The Court has jurisdiction over Defendant, Safeco, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

2

9. The Court has jurisdiction over Defendant, Oetting, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

10. The Court has jurisdiction over Defendant, Rekart, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

11. The Court has jurisdiction over Defendant, Cordero, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

12. Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

13. Plaintiffs are the owners of a property insurance policy ("the Policy") number OY7330496 issued by Safeco.

14. Plaintiffs own the insured property located at 5004 Sea Pines Dr., Dallas, Texas (hereinafter referred to as "the Property"). Safeco sold the Policy insuring the Property to Plaintiffs.

15. On or about March 23, 2016, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property extensively, causing damage to

Plaintiffs' roof, and interior. The hail damage was extensive enough to cause an opening in the roof, which resulted in interior water damage.

16. Immediately after the Storm, Plaintiffs submitted a claim to Safeco for the damage the Property sustained as a result of the Storm. Plaintiffs requested that Safeco cover the cost of repairs, including but not limited to, replacement of the roof and damaged interior pursuant to the Policy.

17. Defendant Safeco initially assigned Chris Oetting to adjust the claim. Mr. Oetting conducted a substandard investigation of the claim and failed to thoroughly scope all of the damages to the Property. For example, Mr. Oetting missed and omitted obvious damage to the roof, exhaust cap, furnace vent, and power attic vent cover.

18. Only because Mr. O'Briant objected to the substandard investigation by Mr. Oetting did Safeco agree to an additional inspection. However, it again sent Mr. Oetting to the property for a reinspection and he, again, missed the obvious hail damage to the O'Briant Property. His errors and omissions were accepted and ratified by Maria Cordero, who misrepresented (1) the amount of the damage and (2) the reasons for rejecting full payment of the claim in her August 31, 2016 letter to the O'Briants.

19. Not until Mr. O'Briant was forced to retain a public adjuster did Safeco even attempt to retain someone other than Mr. Oetting to review the damage to the O'Briant Property. Upon an additional inspection by engineering firm, Donan, further damage to the Property was found; damage that Mr. Oetting had twice omitted from his estimates. Though further, obvious damage was found, the Donan engineer performed a cursory inspection and wrote a conclusory report, devoid of any basis for his unfounded conclusions. Despite hail reports of golf-ball sized

4

hail (approx.. 1.75") less than 3 miles from the Property, the Donan engineer failed to run a weather report or reference any of the hail reports noting the Dallas area hailstorm. Instead, after finding damage to the tiles on all slopes of the roof, he erroneously concluded that the damage was caused by either (1) expansion and contraction, or (2) foot traffic. Neither explanation remotely explains the cracked the tiles after a review of the photographs.

20. Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped Plaintiffs' damages, thereby denying adequate and sufficient payment on Plaintiffs' claim. As a result of Defendants' unreasonable investigation, Plaintiffs' claim was improperly adjusted, and Plaintiffs were wrongfully denied on the claim and have suffered damages. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment that they are entitled to under the Policy.

21. As detailed in the paragraphs below, Safeco wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

22. To date, Safeco continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to the Property.

23. Defendant Safeco failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried

out and accomplished by Plaintiffs. Safeco's conduct constitutes a breach of the insurance contract between Safeco and Plaintiffs.

24. Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

25. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

26. Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

27. Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

28. Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

29. Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

30. Defendant Safeco failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

31. Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

32. From and after the time Plaintiffs' claim was presented to Defendant Safeco, the liability of Safeco to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Safeco has refused to pay Plaintiffs in full, despite there being no basis

whatsoever on which a reasonable insurance company would have relied to deny the full payment. Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

34. As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

35. Plaintiffs' experience is not an isolated case. The acts and omissions Safeco committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Safeco with regard to handling these types of claims. Safeco's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

36. Each of the foregoing paragraphs is incorporated by reference in the following:

### I.   Causes of Action Against Oetting, Rekart, and Cordero.

37. Safeco assigned adjusters Oetting, Rekart and Cordero to adjust this claim. These adjusters were improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiffs' damages. The adjusters did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Adjusters Oetting, Rekart, and Cordero refused to fully compensate Plaintiffs for the full amount Plaintiffs are entitled under the Policy. The outcome oriented investigation of Plaintiffs'

claim resulted in a biased evaluation of Plaintiffs' damages to the Property and the estimated damages were severely underestimated.

### A.   Noncompliance with Texas Insurance Code:   Unfair Settlement Practices

38.   Defendants Oetting, Rekart and Cordero's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

39.   Defendants Oetting, Rekart and Cordero are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Safeco, because they each are a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

40.   Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant's unfair settlement practices, as described above, of

9

misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

41. Defendant Oetting, Rekart and Cordero's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

42. Defendants failed to explain to Plaintiffs the reasons for the offer or offers of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

43. Defendants' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

44. Defendants did not properly inspect the Property and failed to account for and/or undervalued Plaintiffs' roof and interior damage, although reported by Plaintiffs to Safeco. Defendants' unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II. Causes of Action Against Safeco

45. Safeco intentionally breached its contract with Plaintiffs, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A. Breach of Contract

46. Safeco breached the contract of insurance it had with Plaintiffs. Safeco breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B. Noncompliance with Texas Insurance Code: Unfair Settlement Practices

47. Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

48. Defendant Safeco's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

49. Defendant Safeco's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Safeco's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

50. Defendant Safeco's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

51. Defendant Safeco's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

52. Defendant Safeco's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

C. **Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute**

53. Plaintiffs are entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

54. Safeco failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

55. Safeco failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

56. Safeco delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.   Breach of the Duty of Good Faith and Fair Dealing**

57. Safeco breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.   Knowledge**

58. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

59. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

60. The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

13

61. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

62. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

63. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

64. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

65. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

**JURY DEMAND**

66. Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

**DISCOVERY REQUESTS**

67. Pursuant to Texas Rules of Civil Procedure 194, Plaintiffs request that each Defendant disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

68. Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

69. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court site Defendants to appear and answer herein and that Plaintiffs have judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiffs be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By: /s/ Andrew A. Woellner
**Andrew A. Woellner**
SBN: 24060850
**Michael J. Bins**
TBN: 24080792
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 583-5388
Emails: awoellner@potts-law.com
Emails: mbins@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

15